**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000262
02-JUL-2020
09:28 AM**

NO. CAAP-20-0000262

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CHRIS GRINDLING, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPN-19-0000002)

ORDER DISMISSING APPEAL
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of the record here in CAAP-20-0000262 and in the underlying case, 2CPN-19-0000002,[1] it appears that:

(1) On December 16, 2019, self-represented Petitioner-Appellant Chris Grindling (Grindling) filed in the underlying case a petition for post-conviction relief, under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40;

(2) On December 24, 2019, the circuit court clerk electronically filed the petition to create the underlying case. That same day, the circuit court, among other things, granted Grindling's "request to proceed in forma pauperis [(IFP)] for purposes of this HRPP Rule 40 petition only;"

(3) On March 6, 2020, the circuit court dismissed Grindling's HRPP Rule 40 petition as moot;

(4) On April 2, 2020, Grindling filed the notice of appeal without the fees required by Hawaiʻi Rules of Appellate

---

[1] The court takes judicial notice of the records filed in the underlying case. Hawaiʻi Rules of Evidence Rule 201.

Procedure (HRAP) Rule 3(a). That same day, the circuit court clerk notified Grindling to pay the filing fees or file a motion to proceed IFP on or before April 15, 2020, or the appeal could be dismissed;

(5) On April 24, 2020, Grindling filed in the underlying case a request to proceed IFP. That same day, the circuit court entered a written order denying the request, which effectively revoked Grindling's IFP status. See HRAP Rule 24(b);[2]

(6) On June 4, 2020, the appellate clerk entered a default of the record on appeal, informing Grindling that the time to docket the appeal expired on June 1, 2020, he had not paid the filing fees or obtained an order allowing him to proceed on appeal IFP, the matter would be brought to the court's attention on June 15, 2020, for action that may include dismissal of the appeal, and he could seek relief from default by motion;

(7) Grindling took no further action in this appeal; and

(8) An appeal may be dismissed where the record on appeal has not been prepared because the appellant failed to pay the required fees or obtain an order allowing the appellant to proceed IFP. HRAP Rule 11(b)(2), (c)(2).[3]

---

[2] HRAP Rule 24(b) states, in relevant part, that a party granted leave to proceed IFP in the underlying case

> may proceed on appeal in the same action in forma pauperis without further authorization, unless, before or after the notice of appeal is filed, the court . . . shall find that the party is otherwise not entitled to so proceed, in which event the court . . . shall state in writing the reasons for such . . . finding.

[3] This case is distinguishable from the Hawaiʻi Supreme Court's recent decision in Estate Admin. Servs. LLC v. Mohulamu, No. SCWC-19- 0000050, 2020 WL 3397755, at *5-*7 (Haw. June 19, 2020) (holding that "under the circumstances of this case, with Tigilau being a self-represented defendant, and because she submitted sufficient financial information, the ICA should have addressed her IFP motions without requiring her to file a motion in district court"). Here, Grindling did not request a fee waiver from this court. In addition, Grindling was the petitioner and not the defendant, the circuit court revoked Grindling's IFP status because Grindling is "well known" to the circuit court, and the circuit court documented incidents demonstrating

(continued...)

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed.

DATED:  Honolulu, Hawaiʻi, July 2, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[3](...continued)
its familiarity with Grindling's financial situation and apparent ability to pay filing fees.  See id. at *6 (holding HRAP Rule 24(a)'s requirement "that an IFP motion shall ordinarily be made in the first instance to the court appealed from contemplates that the appellant was a party who was required to pay some costs below.  That party is usually the plaintiff.  At minimum, the structure of the rule contemplates that the court being appealed from would have greater information than the appellate court as to an appealing party's ability to pay filing fees.").